**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 27, 2009[*]
Decided June 24, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-2003

| | |
|---|---|
| AHMAD MORGAN, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 05 C 1158 |
| TOWNSHIP OF GLENCOE, et al., | |
| *Defendants-Appellees.* | Charles R. Norgle, |
| | *Judge*. |

---

[*]  After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2).

**O R D E R**

Ahmad Morgan sued the town of Glencoe, the Glencoe Chief of Public Safety, and Detective Mary Saikin, alleging various violations of his civil rights in connection with the seizure of his car. The district court granted defendants' motion for summary judgment. Morgan now appeals, and we affirm.

On August 13, 2003, a burglary took place near a construction site in Glencoe. A week later Saikin, assigned to the burglary, discovered that two days before the burglary a car registered to Morgan had been ticketed for a parking infraction near the construction site. The ticketing officer told Saikin that the car, which had been warm to the touch, had bolt cutters on the back seat and damage to the exterior of the passenger side. The officer also informed Saikin that a paint chip found at the crime scene (along with damaged car parts) matched the car's color.

On August 23 Saikin ran Morgan's license plate number through a law enforcement database and learned that he had been arrested the night before in Morgan Park for the burglary of another construction site. The next day Saikin met with Morgan at the Morgan Park police station and questioned him regarding the Glencoe burglary. Morgan admitted that he had recently been in Glencoe and had received the parking ticket. After the interview, Saikin examined Morgan's car, which the Morgan Park police had impounded, and found that the passenger side appeared damaged and that the car's color matched the paint chip found at the Glencoe crime scene. Later that day Saikin had the car towed to Glencoe to be held as evidence in the Glencoe burglary.

Two weeks later Morgan contacted Saikin about his car. Saikin told him that it was being held in connection with the Glencoe burglary investigation and asked Morgan to meet with her in person. Morgan refused Saikin's request and said he would contact an attorney. Morgan never made another effort to reclaim his car. Although never charged with the Glencoe burglary, he has been incarcerated since September 3, 2004, on unrelated charges.

In February 2005, more than fifteen months after Glencoe authorities seized his car, Morgan filed this lawsuit. He charged that the defendants searched and seized his car without probable cause or a warrant, conspired to do so unlawfully, and failed to train its officers adequately on proper seizure procedures. Nearly two years later Morgan filed a motion to amend his complaint, seeking to correct the occurrent date of the incident to August 22, 2003 and to add a tort claim under state law. *See* 720 ILCS 5/36-1. The district court granted Morgan's motion to correct the occurrence date, but denied his motion to add the state-law claim because "any such claim is now time-barred." After the court denied Morgan's motion to compel answers to interrogatories, the defendants moved for summary

judgment. The court granted the defendants' motion, finding that probable cause existed to search and seize Morgan's car and that he presented no evidence to support his conspiracy claims. The court also found that Morgan's failure-to-train claim must fail because there can be no liability where there is no constitutional violation.

Before addressing the district court's grant of summary judgment, we address its procedural decisions. Morgan argues that the court erred in denying his motions to amend his complaint and to compel discovery. We review both rulings for abuse of discretion. *See Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008); *Walker v. Sheahan*, 526 F.3d 973, 977-78 (7th Cir. 2008).

The district court did not abuse its discretion in denying Morgan's motion to amend his complaint because the proposed additional claim was time-barred. Illinois' one-year statute of limitations governed the state-law claim alleging violation of the procedures for car seizures, *see* 745 ILCS 10/8-101(a), yet he filed his original complaint more than one year after the alleged injury. The amendment would have been futile. *See Rodriguez v. United States*, 286 F.3d 972, 980-81 (7th Cir. 2002). The district court also acted well within its discretion in denying Morgan's motion to compel discovery because the interrogatory answers he sought had, in fact, already been provided by the defendants.

Morgan next argues that the district court erred in granting the defendants' motion for summary judgment because they seized his car without a warrant, and, he says, the automobile exception to the warrant requirement does not apply. He also disputes Saikin's claim that the paint chip and damaged car parts were found at the Glencoe crime scene. Contrary to Morgan's assertion, a warrant is not required to search a car; rather, all that is needed is probable cause that the search will uncover evidence of a crime. *See Carroll v. United States*, 267 U.S. 132, 153-56 (1925); *United States v. Hines*, 449 F.3d 808, 814 (7th Cir. 2006). And the warrantless seizure of a person's property satisfies the Fourth Amendment when its incriminating character is immediately apparent. *See Florida v. White*, 526 U.S. 559, 564-66 (1999); *Soldal v. Cook County, Ill.*, 506 U.S. 56, 68-69 (1992); *Lee v. City of Chicago*, 330 F.3d 456, 460 (7th Cir. 2003).

The initial seizure of Morgan's car was reasonable because the car's incriminating character was immediately apparent. A Glencoe public safety officer ticketed Morgan's car near the Glencoe crime scene and saw bolt cutters lying in plain view in the backseat of the car. While detained for suspected burglary of yet another construction site, Morgan admitted to owning the car and receiving the ticket, and Saikin's visual examination confirmed that the paint chip and damaged parts found at the crime scene matched the car. Morgan offers no competent evidence to support his charge that the chip and damaged car

parts came from somewhere other than the crime scene.  Accordingly, there was probable cause to search and seize Morgan's car.

Once probable cause is established, the Fourth Amendment "cannot be invoked by the dispossessed owner to regain his property." *Lee*, 330 F.3d at 466.  In his reply brief, Morgan raises a due-process attack on the defendants' alleged retention of his car.  But he failed to raise the issue before the district court or in his brief on appeal.  The argument is therefore forfeited.

Finally, Morgan argues that he presented sufficient evidence of both a conspiracy to violate his civil rights and a failure by the police departments to train their officers.  Yet as the district court correctly recognized, Morgan's failure-to-train claim must fail because it is based on the flawed assumption that the seizure itself violated the Fourth Amendment.  And, for the same reason, he presented no evidence of an unlawful conspiracy.  *See Thomas v. Christ Hosp. & Med. Ctr.*, 328 F.3d 890, 894 (7th Cir. 2003).

AFFIRMED.